IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02177-OES

JOSEPH ZUNIGA,

     Plaintiff,

v.

DEPUTY TURIANSKY. and
DEPUTY DARREN OJARD,

     Defendants.

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff Joseph Zuniga currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado.  He initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993).

The Court must construe the complaint liberally because Mr. Zuniga is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Zuniga will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Zuniga's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). He appears to claim that Defendant Deputy Turiansky accused him of sexually harassing her and that Defendant Deputy Darren Ojard erroneously found him guilty of disciplinary charges. However, the complaint still fails to make clear how these incidents are related, the reason or reasons he is suing each named defendant, and how his constitutional rights have been violated. Rather than summarizing each claim succinctly, Mr. Zuniga apparently expects the Court to sift through his allegations to determine how his constitutional rights have been violated. That is not the Court's job. It is Mr. Zuniga's responsibility to edit and organize his claims and supporting

2

allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Zuniga must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Zuniga also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Zuniga should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Zuniga is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the

copies necessary for service.  Therefore, Mr. Zuniga should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Zuniga file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Zuniga, together with a copy of this order, two copies of the following form to use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Zuniga submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Zuniga fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

4

within the time allowed, the complaint and the action will be dismissed without further

notice.

DATED at Denver, Colorado, this _2_ day of _December_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02177-OES

Joseph Zuniga
Reg. No. 121520
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _12-7-05_

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk