IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02177-BNB

JOSEPH ZUNIGA,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S OFFICE,
SHERIFF TED MINK,
DEPUTY SHERIFF S. C. TURIANSKY,
DEPUTY SHERIFF DARREN OJARD,
DEPUTY SHERIFF M. CLARK, and
ANY/ALL OTHER UNNAMED DEFENDANTS TO BE ADDED AS VIOLATIONS
    CONTINUE TO OCCUR,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff Joseph Zuniga currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. He initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993). On December 2, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Zuniga to file within thirty days an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and to allege each Defendant's personal participation in the asserted constitutional violations. On January 5, 2006, Mr. Zuniga filed *pro se* an amended complaint. He asks for money damages and injunctive relief.

    Mr. Zuniga has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005), without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will be dismissed in part pursuant to § 1915 (e)(2)(B) as legally frivolous.

The Court must construe the amended complaint liberally because Plaintiff is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See* **Hall**, 935 F.2d at 1110.

As his first claim, Mr. Zuniga alleges that Defendants Sheriff Ted Mink, Deputy Sheriff S. C. Turiansky, and Deputy Sheriff M. Clark tampered with his legal mail. He appears to be suing Sheriff Mink as the supervisor to employees who interfered with the Jefferson County Sheriff's Office policy regarding forwarding or mailing all inmate mail regardless of the inmate's indigent status. He complains that Deputy Sheriff Turiansky confiscated legal documents mailed to him by his attorney and marked as confidential. He further complains that Deputy Clark apparently opened a confidential letter from his criminal defense attorney that previously had been inspected and sealed. He asserts other interferences with his inmate mail but fails to allege against whom the allegations are made. This claim will be drawn to a district judge and to a magistrate judge.

As his second claim, Mr. Zuniga complains that Deputy Sheriff Turiansky conducted a search of his cell and seized legal documents mailed to him by his criminal defense attorney and marked as confidential. This claim will be drawn to a district judge and to a magistrate judge.

As his third claim, Mr. Zuniga makes the vague allegation that Deputy Sheriff Turiansky and Deputy Sheriff Darren Ojard conspired to create false documents, which apparently accused Plaintiff of sexually harassing Deputy Sheriff Turiansky. This claim also will be drawn to a district judge and to a magistrate judge.

As his fourth claim, Mr. Zuniga contends that he has been subjected to cruel and unusual punishment and racial discrimination because Deputy Clark took an hour and a half to respond to his request to reduce the volume on the television in his detention facility unit that was blaring during the middle of the night, increased the volume on the television, and made derogatory comments to him, allegedly threatening to deny him breakfast and mail and calling him a "punk." Amended complaint at 7-A.

A prisoner claiming that he was subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Mr. Zuniga does not allege that he was exposed to television noise for an extended period of time. Instead, he alleges only that he was subjected to these

3

conditions on one night when he was trying to sleep. Under these circumstances, the Court finds that the Eighth Amendment claim lacks merit, and must be dismissed.

To the extent Mr. Zuniga asserts that Deputy Clark was harassing him by making derogatory comments, the claim also lacks merit. Verbal harassment, without more, does not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Zuniga fails to allege any facts indicating that he was subjected to racial discrimination or somehow treated in any way that discriminate against him as compared with other inmates. Merely making conclusory allegations that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The racial discrimination claim is vague and conclusory, does not rise to the level of a constitutional violation, and must be dismissed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wise v. Bravo*, 666 F.2d 1328, 1332-33 (10th Cir. 1981).

As his fifth claim, Mr. Zuniga contends that he was denied access to the courts because he was denied face-to-face access to his attorney on one occasion, although he admits that later in the same day he was allowed to speak to his attorney via telephone. Notwithstanding Plaintiff's failure to assert this claim against a Defendant, the claim is without merit. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." **Bounds v. Smith**, 430 U.S. 817, 828 (1977). However, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. **See Wolff v. McDonnell**, 418 U.S. 539, 576 (1974); **Carper v. DeLand**, 54 F.3d 613, 617 (10th Cir. 1995). A prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. **See Lewis v. Casey**, 518 U.S. 343, 349-55 (1996); **Penrod v. Zavaras**, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Zuniga fails to allege that he has suffered any actual injury in his ability to file an initial pleading asserting a nonfrivolous claim in a civil rights action regarding his current confinement or in a habeas corpus action. Moreover, he admits he had access to a person trained in the law, i.e., his attorney. Simply because the access was via the telephone instead of in person does not mean he was denied access to the courts. The access-to-the-courts claim must be dismissed. Accordingly, it is

ORDERED that claims four and five are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that Deputy Sheriff M. Clark is dismissed as a party to this action. It is

FURTHER ORDERED that the clerk of the Court correct its docketing records to remove Deputy Clark as a party to this action. It is

FURTHER ORDERED that claims one, two, and three, and the action against the remaining Defendants are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __1__ day of ____February____, 2006.

BY THE COURT:

_s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02177-BNB

Joseph Zuniga
Reg. No. 121520
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/2/06

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk