IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02177-MSK-MEH

JOSEPH ZUNIGA,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S OFFICE,
SHERIFF TED MINK,
DEPUTY SHERIFF S.C. TURIANSKY,
DEPUTY SHERIFF DARREN OJARD,
ANY/ALL OTHER UNNAMED DEFENDANTS TO BE ADDED AS VIOLATIONS
    CONTINUE TO OCCUR,

    Defendants.

**ORDER DISMISSING CLAIMS AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

THIS MATTER comes before the Court on an Order to Show Cause **(#30)** directing the Plaintiff to show cause why his claims should not be dismissed because he has failed to keep the Court informed of his mailing address in accordance with D.C.COLO.LCivR 10.1(M) and 41.1. The Plaintiff failed to respond to such Order. The Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in October 2005 while residing at the Jefferson County Detention Facility. His last filing in this case occurred on January 9, 2006. After mail sent to the Plaintiff's last known address was returned to the Court as undeliverable, the Court issued an Order directing the Plaintiff to show cause why his claims should not be dismissed for his failure to keep the Court informed of his mailing address. The Plaintiff failed to show cause. Since the issuance of the Order to Show Cause, two items of mail sent to the Plaintiff at his last

known address have been returned to the Court as undeliverable.  **(#34, #35)**.

As a *pro se* litigant, the Plaintiff is required to comply with all rules of this Court.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The Plaintiff failed to comply with D.C.COLO.LCivR 10.1(M), which requires a party to notify the Court of a change of address within 10 days of any such change.

Pursuant to D.C.COLO.LCivR 41.1, the Court may dismiss the Plaintiff's claims for his failure to comply with Local Rule 10.1(M).  In determining whether the sanction of dismissal is appropriate, the Court considers the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  These factors are: (1) the prejudice to the Defendants; (2) the extent to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

These factors favor dismissal.  The Plaintiff's failure to inform the Court of his mailing address has interfered with any further judicial process in this case. Nothing short of a dismissal, without prejudice, will have any impact.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are **DISMISSED**, without prejudice, and the Clerk of Court is directed to close this case.

Dated this 2nd day of August, 2006

        **BY THE COURT:**

        *Marcia S. Krieger*
        _____
        Marcia S. Krieger
        United States District Judge